PETER L. FRAME, Administrator of the estate of WILLIAM FRAME, deceased, Appellant, *v.* REBECCA FRAME *et al.*

### APPEAL FROM MORGAN.

When the administrator proceeded regularly in the performance of his duties, and the Judge of Probate certified, on the 30th of May, 1837, that he had settled the estate of his decedent, but had omitted to enter the proceedings of record; the county court is authorized, upon proper proof, to enter and spread of record, *nunc pro tunc,* the preliminary and final settlement of such administrator made with such Probate Judge.

THIS cause was commenced in the county court of Morgan county, by proceedings in behalf of appellees, to compel the appellant, Peter L. Frame, to make settlement of the estate of William Frame, deceased, of which he was the administrator. From the decision of the county court, the appellees took the case by appeal to the circuit court of Morgan county, where the case was heard at the October term, 1854, and the order and judgment of the county court reversed with costs. From the judgment of the circuit court, the cause has been brought by the said Peter L. Frame, the administrator, to this court.

The record shows that said appellant was, some time previous to the 23d day of September, 1835, appointed by the judge of probate of Morgan county, administrator of William Frame, deceased.

A warrant was issued by said court to appraisers, on the 23d September, 1835, upon which it appears, that the appraisers took the oath required by law, on the 12th of October, 1835.

An inventory and appraisement bill of the personal property of said estate, made out in conformity to law, was returned to said court, and indorsed, "filed October 13th, 1835."

An inventory of the accounts of William Frame, deceased, was also returned to said court, and is marked, "filed November 15th, 1835."

A sale bill of the personal property of said estate, made out in conformity to law, was also returned to said court, and is indorsed, "filed December 7th, 1835."

A subsequent sale bill was also returned to said court, which is indorsed, "filed January 24th, 1837."

With the foregoing papers were found upon the files in the county court of Morgan county, but not marked filed, sundry demands against the estate of William Frame, and sundry vouchers for payments made by the administrator, and also a paper indorsed "Peter L. Frame, settlements of estate of William Frame," purporting to be a statement of accounts and settlements of said estate, rendered and made by said administrator, before said court of probate, on the 24th January, 1837, and on the 30th May, 1837; said statements of accounts being made out in due form, and showing the true condition of said estate, and the balances, with costs of court, upon the dates aforesaid; and containing references to the demands and vouchers aforesaid, as is usually made in stating such accounts, and also the names of the parties in favor of whom said demands were allowed.

Among the demands and accounts so allowed, and the vouchers so referred to, was one dated September 23d, 1835, for "advertising notice of the estate," (the word settlement being

omitted,) " of William Frame, deceased, four times in the Illinois State Gazette." Also another, dated December 5, 1836, for " advertising notice of final settlement of the estate of William Frame, deceased, four weeks."

There being no entry of said settlements found upon the record books in the county court, a citation was issued by said court, upon the application of appellees, or rather in their behalf, some time previous to the 2nd Monday of November, 1853, requiring said Peter L. Frame to appear on said day, and make settlement of said estate, or show cause, etc.

Said administrator subsequently appeared to said citation, and entered and submitted a motion to said county court, to amend the records of said court, by entering thereon " *nunc pro tunc,*" the settlements of said estate, made by said administrator, on the 24th January, 1837, and the 30th May, 1837, as the same appeared upon the aforesaid minutes of settlements, and in an exemplification thereof, attached to the affidavits hereafter mentioned.

Said motion was predicated upon the following proofs, which were filed with the same:

First. An exemplification of said settlements, being a true copy of the aforesaid minutes of settlements, and having at the conclusion, the following certificate:

" STATE OF ILLINOIS, }
    *Morgan County.* } COURT OF PROBATE.

    I, Aaron Willson, Judge of Probate in and for said county, do certify, that the foregoing is a true copy of the settlements of the estate of William Frame, deceased.

                 Given under my hand and private seal, there being no
[SEAL.]         seal provided for this court, this 30th day of May,
                 1837.
                         AARON WILLSON,
                           *Judge of Probate.*"

Second. The affidavit of said Peter L. Frame, proving that he published the notices of settlements in conformity to law, and made the settlements, as set forth in said original minutes, and said exemplification, before said probate court, on the days therein mentioned, and that said settlements are truly set forth in said minutes and exemplification.

Third. The affidavit of Charles R. Willson, who proves that he was present at said settlements; and, as was his practise, on account of the advanced age of his father, acted as the scribe or clerk of the said Aaron Willson, the judge of probate, and in his presence, and under his directions, entered and made the aforesaid minutes of settlements, and also in his presence, and under his directions, issued said exemplification, and delivered

it to the said Peter L. Frame; and that the same were, in all respects, true transcripts of said settlements, and of the facts that transpired thereon.

Said Charles R. Willson further testifies that, owing to the amount of business at that time transacted in the said probate court, the entries were not made upon the record book at the time the settlements were made, but were subsequently made by him, under the direction of the said judge of probate; and that he was directed by the said judge of probate at the conclusion of the aforesaid settlements made by Peter L. Frame, to record the same, but by accident, affiant overlooked the papers in making up the records on the book.

The county court allowed said motion, and ordered the settlements set forth in said original minutes and said exemplification to be entered upon its records as they appear therein, *nunc pro tunc,* as of the days therein stated.

From this decision of the county court, Rebecca Frame and others, appealed to the circuit court of Morgan county, where cause was heard upon the same facts, at the October term, 1854, by WOODSON, Judge, and that court reversed the order and judgment aforesaid of the county court, with costs against the appellant, from which judgment the cause is brought by the administrator, upon an agreed case, to this court.

The appellant seeks to reverse the judgment of the circuit court, upon the following grounds:

First. The proofs in the cause were sufficient and competent evidence of the action of the court of probate, on the 24th January and 30th May, 1837, to warrant the entry of the settlement upon the records of the county court, as ordered by that court.

Second. The county court, under the circumstances of this case, was the proper judge of the propriety of entering the settlements upon its records, and the circuit court ought not to have interfered with the exercise of its discretionary powers.

BROWN and McCLURE, for Appellant.

J. L. MORRISON, for Appellees.

SCATES, J. The only question is as to the sufficiency of the evidence to authorize the county court to enter and spread of record, *nunc pro tunc,* the preliminary and final settlements of plaintiff, as administrator of Wm. Frame, deceased, made with the judge of probate, on the 24th of January and 30th of May, 1837.

We are of opinion that the evidence was admissible, and suf-

ficient to sustain the motion to have the settlements so entered upon the records of the court, *nunc pro tunc.*

We can see no reason, nor would any rule of law exclude, as inadmissible, the settlement duly certified and authenticated by the judge of probate and delivered to the plaintiff, at the time of settlement. All it seems to lack in the strictest matter of form, to make it evidence for any and all purposes, is the additional statement that it is a true copy of the "record." It is certified to be a true copy of the "settlements of the estate."

The fact that the writing is that of an amanuensis will not vary it; it was all done under the immediate supervision and direction of the court, and the statement as thus drawn up, was signed by him.

The affidavits fully corroborate the paper in the facts and items, the fairness of the settlement, and identify it as an original. The files, though not all signed, fully corroborate the same state of facts. The strictest rule in relation to the proofs necessary to authorize a correction or emendation of a record, could neither reject this proof nor require more.

The power to amend at a subsequent term was recognized in *Micheltree* v. *Sparks*, 1 Scam. 122, and *O'Conner* v. *Mullen*, 11 Ill. 57.

In this instance, there has been a long lapse of time, and were it not satisfactorily accounted for by the circumstances, would have its weight against the application. But the settlement appears to have been made and intended as a final one ; and relying upon it as such, there was no occasion to look into the records, files, papers or accounts, until plaintiff was cited to make another, where for the first time, he is informed and ascertains that the former settlement had not been copied into the record. But the evidence of what had been done, being preserved so complete, and by minutes so authentic and satisfactory, it is hardly to be called an amendment in the sense of the cases in the books. Here we are asked simply to have the written doings of the court, merely copied on the record. The cases in the authorities cited, are cases, where, from mere memoranda, the courts were called upon to *dictate anew* such judgment or amendment as is supposed was intended from the evidence, or supposed to have been ordered.

The rule applicable, in its strictness, only requires something on the record, minutes or files to amend by ; and that and more we have here.

Judgment reversed, and judgment of county court left in full force.

*Judgment reversed.*