## MARY H. DICKSON *et al.*

*v.*

## ELISHA B. HITT.

*Filed at Springfield March 21, 1881.*

1. FORMER ADJUDICATION—*final settlement of an estate.* A final report and
settlement of an estate by an executor, pursuant to notice, which are approved
by the probate court and the executor discharged, will be conclusive upon
creditors of the estate who appeared and contested his claims, and such
settlement can not be opened on bill in chancery to impeach the same for
mere errors on the part of the probate court.

2. ADMINISTRATION—*reviewing final settlement for fraud.* The failure of an
executor to account for cattle inventoried and appraised as assets of an
estate, and giving the same to the widow as her separate property, and
charging commissions on an uncollected and worthless note, will not be
regarded such a fraud as will authorize a court of equity to review the
final settlement of the estate, and correct the judgment of the probate court.
If such items are claimed as just credits, it is not fraud, and their allow-
ance amounts to an error, only, at the most.

3. SAME—*where property inventoried is claimed by another.* Where an execu-
tor allows the widow of the testator to retain cattle inventoried by him as
assets of the estate, as being her sole and separate property, the fact as
to the ownership of the cattle becomes a proper question for the probate
court to decide on the final settlement of the estate, and where the execu-
tor is not charged with the same it will be presumed that the matter was
presented to and adjudicated by that court.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on error to the Circuit Court
of Morgan county; the Hon. CYRUS EPLER, Judge, presid-
ing.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellants:

The proper remedy was by bill in chancery. *Howard* v. *Slagle,* 52 Ill. 336; *People, use, etc.* v. *Lott et al.* 36 id. 447.

The mode of dealing with this property by the executor was a fraud upon the devisees, and hence a court of chancery will take jurisdiction. *McCreedy* v. *Mier,* 64 Ill. 495.

The order of the county court discharging the executor and finding that he had fully accounted, was, at most, only *prima facie* evidence of a full and fair accounting, liable to be overcome by proof. *Hollis et al.* v. *Holland,* 92 Ill. 494.

The executor, having kept the funds in his hands idle for over twelve months, without any reason therefor, should have been charged with six per cent interest. *Hough* v. *Hawley,* 71 Ill. 72; *McCreedy* v. *Mier,* 64 id. 495; *Rucker* v. *Redman et al.* 67 id. 187; *Orr* v. *Kains,* 2 Wis. 194; *Hart* v. *Ten Eyck,* 2 Johns. Ch. 79.

Messrs. BROWN, KIRBY & RUSSELL, for the appellee:

The charge of fraudulent concealment of assets having been found against appellants, this court will not reverse the decree of the court below on its finding. *T. W. & W. Ry. Co.* v. *Elliot,* 76 Ill. 67.

The judgment of the court below should be regarded as settling the controverted facts. *Kightlinger* v. *Egan,* 75 Ill. 141; *Simmons* v. *Waldron,* 70 id. 281; *Connelly* v. *People,* 81 id. 379; *McClelland* v. *Mitchell,* 82 id. 35; *Bishop* v. *Busse,* 69 id. 403; *Wiggins Ferry Co.* v. *Higgins,* 72 id. 517.

The final order of the county court, ordering distribution and discharging the executor, is conclusive upon the parties complaining. Freeman on Judgments, sec. 319; Herman's Law of Estoppel, secs. 51, 52; *Crippen* v. *Dexter,* 13 Gray, 330; *Abbott* v. *Bradstreet,* 3 Allen, 587; *Cajolle* v. *Ferrie,* 13 Wall. 465; *Gates* v. *Treat,* 17 Conn. 392.

All the facts involved having been tried in passing upon and approving the executor's report, by a court of competent

jurisdiction, can not be again contested between the same parties. *Holcombe* v. *Phelps,* 16 Conn. 126; *Hopkins* v. *Lee,* 6 Wheat. 113; *Elliott* v. *Piersoll,* 1 Pet. 34; *Dubois* v. *Dubois,* 6 Cow. 495.

While an order of the probate court may be impeached for fraud, yet a court of chancery has no more power to correct, alter or vary a decree of such court than that of any other court. *Gates* v. *Treat,* 17 Conn. 392; *Holcombe* v. *Phelps,* 16 id. 126.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed to impeach the final settlement, order of distribution, and discharge of appellee as executor of the estate of John M. Sitton, deceased, made in and entered by the probate court of Scott county, at its June term, 1875.

The bill was filed by the creditors of Sitton's estate, charging that appellee, in his reports to the court, in his inventories and sale bill, omitted to charge himself with a large amount of property in value which belonged to and was assets of the estate, thus fraudulently misapplying the same to the injury of the creditors, who have received only $69\frac{1}{2}$ per cent on their claims allowed, in the 6th class, against the estate.

Appellee, however, claims that he has accounted for and paid in full for all the money, property and other assets of the estate, and he has been rightfully discharged from the further administration of the estate, and is not nor should he be further charged with anything relating thereto.

A hearing was had, on the bill and answer, the cross-bill and answers, replications, exhibits and proofs. The court found for defendant, and dismissed the bill. Complainants perfected an appeal from the circuit to the Appellate Court for the Third District, where the case was heard and the decree of the circuit court affirmed, and they bring the record on appeal to this court and urge a reversal.

It is claimed by appellants, that Sitton died the owner and in possession of over $4000 of personal property, which appellee has neither inventoried nor accounted for, and that he has never accounted for some that he did inventory, and that he failed to collect and account for a debt of some size owing Sitton at the time of his death, and has charged, and the probate court allowed him, commissions on money never collected or received. These are the items which, it is charged, he has fraudulently withheld or for which he charged and received an allowance.

It is claimed that the settlement at the June term, 1875, of the probate court of Scott county, was final, and not having been reversed, and remaining in full force, it must, at all times and in all places, be held conclusive on all parties in interest. Appellee gave notice that at that term, he would make a final report and apply for a discharge from the further administration of the estate. At the term, in pursuance of the notice, appellants appeared by counsel and the settlement was made, and appellee was discharged.

As to them, whatever the law may be as to others, this settlement and adjudication must be held final and conclusive in a collateral proceeding. They were present contesting his claims, and, having had their day in court, they have no right to again litigate the same matters in another proceeding. If dissatisfied with the result of the settlement, they could have appealed, and if errors were committed they could have been corrected. Having appeared and participated in the trial, they, as in any other case, are bound by the result.

Whether the cattle allowed by the executor to Mrs. Sitton as her separate property before her husband's death, was in fact her separate property, was a question proper to be raised before the probate court on the final settlement, and should have been so presented and determined, and we must presume it was, and adjudicated, and if it was not, no excuse

is given why it was not. Nor does the evidence show that that property belonged to the estate.

It is no doubt true, and the bill proceeds on the theory, that such a settlement may be impeached for some kinds of fraud in the settlement, committed by appellee. But such a bill will not lie to correct mere errors committed by the probate court in the settlement.

Then, did the failure to account for the value of the bull, and charging commissions on the uncollected and worthless note, amount to a fraud, and, if so, was it of the character of fraud which authorizes a court of equity to review such a settlement and correct the judgment rendered by the probate court? We think not. Appellee had returned the animal as property of the estate, with its appraised value. In this there was no fraud or concealment. That inventory and appraisement were no doubt on file in the probate court, open to the inspection of appellants and their counsel at the time of the settlement, and the presumption is that it and all other papers charging him with assets of the estate were examined, as it is not perceptible how a final settlement could have been made without taking them into account, and, if so, it may have been error not to charge appellee with the appraised value of the bull, it being *prima facie* evidence, and also in allowing him commissions on the uncollected note. But we fail to see wherein appellee committed any fraud in either. If he claimed them for any reason to be just credits, that was not fraud, and the probate court allowed their justice. Being simply errors that should have been corrected on appeal, a court of equity will not take jurisdiction to correct them.

As to the claim of interest, appellee denies that he used any portion of the money for his own use or that he made any profit from it. Nor did the probate court, on the final settlement, charge him with interest. Under such facts a court of chancery will not entertain a bill to determine whether the probate court erred in not charging him with in-

terest, but even if a bill would lie for the purpose, the evidence fails to show error in the probate court in this respect.

Perceiving no error in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*