WILLIAM FRANK *et al.*

*v.*

THE PEOPLE, for use of E. H. Hoecker *et al.*

*Filed at Mt. Vernon October 27, 1893.*

1. ADMINISTRATION —*notice required prior to approval of adminis-trator's final report.* Until an administrator of an estate has given notice of final settlement of the estate, the county court is without authority to enter an order approving the final settlement of the estate, and for distribution among the heirs. The administrator's final report can not be approved by the court without notice to the heirs.

2. SAME — *entry of order approving final settlement nunc pro tunc.* Where the administrator has completed the settlement of the estate, and the county court has, in fact, approved his final report, and the order approving it has been omitted by inadvertence or mistake, the court will have power to order the entry of approval *nunc pro tunc.* But such approval of the final report must be made on proper notice to the heirs and distributees, to entitle its approval to be entered *nunc pro tunc.*

3. SAME—*order approving final settlement—a judicial act, and con-clusive.* The approval of the report of an executor or administrator is a judicial act to be done by the court, and when made and entered, according to law, is conclusive upon all the parties before the court.

4. SAME — *citation of administrator to make settlement.* Where the county court has not, in fact, approved of the final settlement reported, the administration will remain open for such further order and pro-ceeding as may be necessary to finally settle and distribute the estate, and upon citation may refuse to approve the report filed, and charge the administrator with such sum of money as shall be found in his hands.

5. ADMINISTRATOR—*when liable on his bond.* The order or judgment of the county court, or circuit court on appeal, finding the amount in the hands of an administrator, while unreversed and in force, is con-clusive not only of the amount in his hands, but that the same was at that time liable to distribution ; and upon his failure to pay over the same to the persons entitled thereto, within thirty days after demand made, a right of action will accrue upon his bond.

6. SAME—*order of court finding amount in his hands, conclusive on his sureties.* An order of the county court finding the amount in the administrator's hands belonging to the estate, and ordering its distri-bution, is as conclusive against his surety on his bond as upon the ad-

ministrator himself, and can be impeached only for fraud. If the order is unwarranted by the evidence, the surety may appeal from the same, but it can not be attacked collaterally, as in an action on the administrator's bond.

7. COUNTY COURT—*intendments in favor of its judgments and orders.* The county court, in the settlements of estates, is a court of general jurisdiction, and the circuit court, upon appeal, exercises a like jurisdiction; and the intendments indulged in respect of judgments of courts of such jurisdiction must obtain in respect to the judgment of the circuit court, on appeal from the order of the county court, in finding the sum in the hands of an administrator and directing its distribution.

8. LIMITATIONS—*when the statute begins to run—against action on bond of an administrator.* The Statute of Limitations begins to run against an action on an administrator's bond from the failure of the administrator to pay over the money found in his hands belonging to the distributees, after demand duly made, etc.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. A. S. WILDERMAN, Judge, presiding.

The following statement of the case by the Appellate Court is a sufficient presentation of the facts:

"Appellant William Frank became administrator of his brother, Frederick Frank, and filed his bond as administrator December 19, 1876, with his co-appellant as surety. Frederick Frank, at the time of his death, left surviving William Frank, a brother of the whole blood, and appellees, for whose use the suit was brought, brother and sisters of the half blood. It does not appear that any inventory was filed by the administrator, and on the 19th day of February, 1879, the administrator presented to the probate court of Madison county a final report, which was approved by the judge, by his endorsement thereon, but no order entered of record as an approval by the court. At the time the report, which purported to be a final report, was presented and approved by the judge no notice of final settlement was given, but at the time of that attempted final settlement a report was made, as follows: 'He further

reports that the debts and claims against said estate have all been paid, leaving the above balance to be distributed between the heirs lawfully entitled thereto, as follows: to William Frank, only brother of deceased and the administrator of said estate, $1594.65. Now moves the court that he may be allowed to make distribution as above set forth, and having made and taken receipts therefor, and presented to this court, asks to be discharged.' In June, 1890, a suit was brought on the bond for the use of appellees, and the questions of law and fact as presented by the record are, as to whether the report of the administrator is valid and binding.

"In June, 1890, a citation was issued against the administrator, requiring him to file an account as administrator. To that citation he answered, setting up that he had made a final settlement more than eleven years previous, and moved that an order of approval be entered, *nunc pro tunc,* as of the date of filing his pretended final report. The appellees, for whose use the suit was brought, filed exceptions to the report made in 1879, and on a hearing in the county court the exceptions were sustained, and the administrator charged with sums in addition to those in his so-called final report, and his motion for an order *nunc pro tunc* denied. On appeal to the circuit court that judgment and order of the county court was affirmed, and the sum of $2765.92 was found to be in the hands of the administrator for distribution, and distribution ordered of the same, which order was made at the October term, 1891, of the circuit court of Madison county. The administrator failing to make distribution, suit was brought on the bond on March 4, 1892, and the breaches assigned were the failure to pay over the money in accordance with the order of the circuit court made in October, 1891, and, second, that on February 18, 1879, and prior to that time, divers rights and credits, goods and chattels, came to the hands of the administrator which he failed to pay over. To this declaration pleas of·*non est factum, nul tiel record* and the Statute of Limitations

were filed, to which pleas general replications were filed. By a stipulation filed it is shown that one of appellees for whose use the suit was brought, was born September 16, 1856, and another July 27, 1858, both of whom are females, and the other, a male, born February 18, 1863."

The circuit court found for appellees, and rendered judgment accordingly against appellants for the amount due, which judgment, on appeal to the Appellate Court, was affirmed. To reverse this judgment of the Appellate Court this appeal is prosecuted.

Mr. JOHN G. IRWIN, and Messrs. HADLEY & BURTON, for the appellants :

The first proposition laid down by the Appellate Court is, that no action accrues upon an administrator's bond until there is a breach of the conditions, and cites *Bonham* v. *People*, 102 Ill. 434, in support thereof. That court holds, that "until an order of distribution is made no cause of action accrues to the heirs." This is at variance with the law laid down by this court in *Tucker* v. *People*, 87 Ill. 76, *Weir* v. *People*, 78 id. 192, and *Bell* v. *People*, 94 id. 232.

As to when the Limitation law runs against a trust, see *Governor* v. *Woodworth*, 63 Ill. 254; *Hayward* v. *Gunn*, 82 id. 385; *People* v. *Town of Oran*, 121 id. 650; *Carter* v. *Tice*, 120 id. 277; *Bonham* v. *People*, 102 id. 434.

When a cause of action accrues on such a bond, see *Bonham* v. *People*, 102 Ill. 439; *McIntyre* v. *People*, 103 id. 142; *Winslow* v. *People*, 117 id. 152; *Governor* v. *Woodworth*, 63 id. 254; *Bell* v. *People*, 94 id. 231.

Messrs. DALE, BRADSHAW & TERRY, for the appellees :

The Statute of Limitations does not run in the case of a trust like this. *Russell* v. *Peyton*, 4 Bradw. 473; *Gilbert* v. *Guptill*, 34 Ill. 112; *Quayle* v. *Guild*, 91 id. 378; Rev. Stat. 1889, chap. 3, sec. 112, par. 111.

An order of distribution without notice to the heirs is void. *Long* v. *Thompson,* 60 Ill. 27 ; Woerner on Law of Administration, secs. 1127, 1231 ; Angell on Limitations, (5th ed.) sec. 168.

To make an order of discharge available as a protection to the party discharged, all the initiatory steps to obtain the same, as prescribed by statute, should be spread on the record. And the court, ordinarily, may vacate a judgment of dismission for irregularity, if granted improvidently. Woerner on Law of Administration, 1128.

If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards. Rev. Stat. chap. 83, sec. 22.

An administrator's account once settled is open to re-examination unless the controverted points were distinctly put in issue, and so submitted as to give the matter the force and effect and character of *res judicata.* 39 Am. Law. Dic. 724.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The questions presented and relied upon in this court for reversal arise solely under the plea of the Statute of Limitations, and the question is, as stated by counsel for appellants, when did the cause of action upon the administrator's bond accrue to the distributees. It is insisted by appellants that it accrued on the 19th of February, 1879, when the administrator presented to the probate court of Madison county what purported to be his final report as such administrator. This report seems to have been marked "approved" by the county judge, but no order of approval was entered of record. The reason for this is apparent. No notice of final settlement had been given, and the court could not approve the report and order distribution, under the statute, without notice to

the heirs of the decedent.    Section 112, chapter 3, of the Revised Statutes then in force provides: "All executors and administrators shall exhibit accounts of their administration for settlement to the county court from which the letters testamentary or of administration were obtained, at the first term thereof after the expiration of one year after the date of their letters, and in like manner every twelve months thereafter, or sooner, if required, until the duties of their administration are fully completed: *Provided,* that no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof, in such manner as the court may direct." It is clear the heirs were not notified, and the court was without authority to enter an order approving the final settlement of the estate, and of distribution to the heirs.

No further action was taken in the matter of the estate until June, 1890, when a citation was issued to require the administrator to account.    He appeared and answered to the citation, that on the 19th of February, 1879, he had made final settlement and reported the same, and moved for an order of approval *nunc pro tunc.*    Exceptions were filed to the report, which were sustained by the court, and the administrator charged with additional sums of money, and the motion for an order of approval *nunc pro tunc* denied.    From this order the administrator appealed to the circuit court, where his motion was again denied, and the sum of $2765.92 found in his hands as administrator, and distribution thereof ordered.

Undoubtedly, if the administrator had completed the settlement of the estate, and the judge of the county court had, in fact, approved his report, and the order of court approving it had been omitted by inadvertence or mistake, the court would have had power to order the entry of approval *nunc pro tunc.* (*Frame* v. *Frame,* 16 Ill. 155.)    The approval of the report of an executor or administrator is a judicial act, to be done by the court, and when made and entered is conclusive upon all the parties before the court.    (*Dickson* v. *Hitt,* 98 Ill. 300.)

The court never having, in fact, approved of the final settlement reported, the administration remained open for such further order and proceeding as should be necessary to finally settle and distribute the estate, and upon the citation it might refuse to approve the report filed, and charge the administrator with such sum of money as should be found in his hands. This was done by the final order of the circuit court of Madison county, and its judgment, finding there was in the hands of the administrator $2765.92 subject to distribution to the heirs of his intestate, unreversed and remaining in full force, is conclusive, not only of the amount in his hands, but that the same was at that time liable to distribution. Upon the failure of the administrator to pay over the same to the persons entitled thereto, within thirty days after demand made, a right of action accrued upon his bond against him and his sureties, by force of the statute.

Section 115, chapter 3, of the Revised Statutes, provides : "If any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the county court lawfully made, within thirty days after demand made," etc., the court, upon application, may attach and imprison him, to compel compliance with the order; "and, moreover, such failure or refusal on the part of such executor or administrator shall be deemed and taken, in law, to amount to a *devastavit,* and an action upon such executor's or administrator's bond, against his sureties, may be forthwith instituted and maintained, and a failure aforesaid to pay such moneys or dividend shall be a sufficient breach to authorize a recovery thereon."

In *Ralston et al.* v. *Wood,* 15 Ill. 159, in commenting upon this section of the statute, it then being section 126 of the Statute of Wills, (Rev. Stat. 1845,) it was said: "If we are to give any force to language, this statute certainly makes that order as conclusive against the security as against the administrator himself. That judgment or order is made evidence of

a *devastavit,* if not complied with, and entitles the person in whose favor it is made, to recover upon the bond against both principal and security. The suit upon the bond is a collateral action, founded as well upon that judgment as upon the bond itself, and when the judgment is offered in evidence, like any other judgment of a court of competent jurisdiction, it can not be inquired into by those affected by it, except for fraud." And after noticing the argument based upon the supposed hardship of holding the security bound when he was not directly a party to the proceeding in which the judgment was obtained, and showing that there was no hardship or inconsistency in so holding, for the reason that the law gave that effect to his bond when he entered into it, and he had voluntarily consented to be bound by the order and judgment of the court, and the further reason that while he was bound by the judgment against his principal, he was given, by the 138th section of the same statute, (Rev. Stat. 1845, p. 564,) which is section 124, chapter 3, now in force, a right of appeal from that judgment, the court held that the security was concluded by the judgment, and that if the order against the administrator was not warranted by law, the remedy of the security was by appeal, and that they could not question it collaterally when sued upon the bond. This case was followed and approved in *Housh* v. *The People,* 66 Ill. 178.

The county court, in the settlement of estates, is a court of general jurisdiction, and the circuit court, upon appeal, exercises a like jurisdiction, and the intendments indulged in respect of the judgments of courts of such jurisdiction must here obtain. *Propst* v. *Meadows,* 13 Ill. 157; *Housh* v. *The People, supra.*

The foundation of plaintiff's right of recovery in this case was the liability of the principal and sureties, under their bond, to pay the judgment of the circuit court against the principal, and the right of action upon the bond accrued, under the statute, upon failure of the administrator to pay the money to

the distributees in accordance with the order and judgment of that court. And it follows, that the first breach assigned in the declaration, which is the failure of the administrator to pay over the money found by the circuit court to be in his hands distributable to appellees, in accordance with the judgment and order of said court, after demand duly made, etc., was a good and sufficient breach of the condition of the bond, and that the production in evidence of said judgment rendered May 16, 1891, was a complete answer to the plea of the Statute of Limitations.

We are of opinion that the right of action accrued in this case when the administrator failed to make payment of the money in his hands as found by that judgment, after the demand, etc., prescribed by the statute. In view of this determination a discussion of the question of whether the statute would run against a recovery on the administrator's bond, pending administration, will be unnecessary.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, having heard the cause in the Appellate Court, took no part in the consideration of the case in this court.