# The People of the State of Illinois ex rel. John and James Dobson, v. Christian C. Kohlsaat, Judge of the Probate Court of Cook County.

1. ADMINISTRATION OF ESTATES—*When it is at an End.*—It would seem that when an executor files an account which is approved, showing that the whole estate is administered, that must be the end of the admin-

istration, although no final order discharging the executor is entered by the Probate Court, especially after the lapse of four years.

2. APPEALS—*Error Without Injury.*—When an appeal ought to have been granted, but could have availed the parties asking it nothing, its denial is error without injury.

3. MANDAMUS—*When Not to be Awarded.*—A writ of mandamus will not be awarded unless it will be effectual as a remedy if enforced.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

BULKLEY, GRAY & MORE and L. S. HODGES, attorneys for appellants.

JOHN P. AHRENS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was a petition on the relation of John and James Dobson for a mandamus to the appellee, who is judge of the Probate Court of Cook County.

From the appellants' brief we take the facts, that on the 17th day of September, 1895, the relators filed in the Probate Court their petition to compel Anna B. Hughes, executrix of William Hughes, to pay a claim the relators had against the estate of William Hughes.

That on the 5th day of August, 1891, before the predecessor in office of the appellee, the executrix settled her accounts, showing that she had fully administered; that at that settlement the relators excepted to the allowance of certain items in her account; that such exceptions were overruled, and the account was approved; that the relators then prayed, but did not perfect, an appeal.

No final order discharging the executrix was entered in the Probate Court.

The petition filed by the relators on the 17th day of September, 1895, the Probate Court denied, and denied an appeal from the order denying the petition.

Now, admit that the appeal should have been granted—we say neither yes nor no to that—yet it appears that the exec-

utrix had finally settled her accounts, over the exceptions of the relators, four years before.

They could not again litigate the matters then determined. We have been referred to no statute requiring a formal order of discharge of an executor or administrator as condition precedent to the termination of the proceedings in the Probate Court. It would seem that when, as in this case, an executrix files an account which is approved, showing that the whole estate is administered, that must be the end; but be that as it may, the adjudication by the court upon the 5th day of August, 1891, on the exceptions of the relators, should be held final. Dickson v. Hitt, 98 Ill. 300.

To require an executor or administrator to preserve, for an indefinite period, vouchers and proofs to support an account which the Probate Court has approved, and no appeal taken from its decision, would be very dangerous. If the decision by the Probate Court in 1891 was final, then the appellee rightly denied the petition filed in 1895, and even if an appeal ought then to have been granted, it could have availed the relators nothing.

Now, a mandamus will not be awarded unless it will "be effectual as a remedy if enforced." People v. McConnell, 146 Ill. 532.

As an appeal would do the relators no good, a mandamus to grant an appeal ought not to go.

The judgment of the Circuit Court dismissing the petition for a mandamus, is affirmed.