## Cyrus Beavers, Administrator, v. Edmund Rennels.

1. DECREE—*extent of court's power after lapse of entry term.* A court has no power, after the term, to change, modify or correct its judgment or decree or to amend its record, except in matters of mere form.

2. BILL OF REVIEW—*equity jurisdiction of courts of probate does not extend to.* The courts of probate have no jurisdiction to entertain a petition in the nature of a bill of review to set aside a decree for constructive fraud after the lapse of the entry term.

3. FRAUD, ACCIDENT OR MISTAKE—*what does not constitute.* The mere fact that an administrator overestimated or overstated the rights of the widow in a proceeding to sell real estate to pay debts of the decedent, does not constitute fraud, accident or mistake.

Proceeding in court of probate to sell real estate to pay debts. Appeal from the County Court of Coles County; the Hon. T. N. COFER, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

F. K. DUNN and J. H. MARSHALL, for appellant.

S. S. ANDERSON and A. C. ANDERSON, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

The appellant, Cyrus Beavers, was appointed administrator of the estate of Rama S. Rennels, deceased, by the Coles County Court upon the 9th day of January, 1903. The personal property proving insufficient to pay the claims probated against said estate, a petition was filed by said administrator in said court for leave to sell the real estate of decedent to pay his debts. A decree directing the sale of such real estate was entered at the April term, 1903, finding that the decedent's widow, Lilly Rennels, was the owner of a homestead and dower interest in said lands, and the said widow having filed her consent in writing thereto, the lands were ordered sold free from said dower and homestead interest. Said decree fixed the cash value of her homestead interest at $1,000, and of her said dower interest at twenty-seven per cent. of the sale price of said lands, after deducting the value of her homestead interest therefrom, and ordered the administrator to pay said amounts to the widow out of the proceeds of the sale. The lands were sold under said decree and afterwards, on October 14, 1903, the administrator paid to the widow, under the terms of said decree, the sum of $1,833.25. On February 3, 1905, appellee, claiming to be a creditor of said estate, filed a motion in writing, asking that the court amend and modify the decree by reducing the amount fixed as the cash value of the said widow's homestead and dower interests, alleging that the administrator by fraud, accident or mistake, and by imposition upon the court, had caused said values to be fixed at too high a sum. On February 14th, the motion was heard and allowed by the court, and an order entered finding that the court, in its former decree, had by fraud, accident or mistake, erroneously computed the value of the widow's homestead and dower interest in said real estate; that the administrator and the attorney

representing him presented said decree to the judge of the court assigned by him, and that the obtaining of said decree by said administrator amounted to a constructive fraud against the creditors of said estate, and annulling all that part of said decree pertaining to the fixing of the cash values of the said homestead interest at $710.46, and of the said dower interest at $411.67.

From said last order appellant prosecuted an appeal to this court. The errors relied upon for reversal are that the petition is not sufficient in law to justify the decree; that the court had no jurisdiction to modify or change the decree at a term subsequent to that at which it was rendered; and that the decree is contrary to the law and the evidence.

It is not contended by appellee in argument that the original decree was procured to be entered by either accident or mistake or by actual or intentional fraud, but it is insisted that it was obtained by constructive or legal fraud upon both the court and the creditors of the estate; that the petition in question is in the nature of a bill of review, wherein all parties are given notice, and was, therefore, a proper proceeding by which to obtain the relief sought and obtained.

It is well settled that a court has no power after the term, to change, modify or correct its judgment or decree or to amend its record, except in matters of mere form. And this rule applies with the same force in equity as at law. Tosetti's Brewing Co. v. Koehler, 200 Ill. 369.

The decree of the County Court entered at the April term, 1903, determined all controverted questions, ascertained and declared the rights of all parties, ordered a sale of the premises, and thus terminated the litigation. From it any party had the right of appeal. At the expiration of the April term the jurisdiction of the County Court in that cause ended, and it was then beyond the power of the court to change or modify its decree. It follows that if the original decree was procured by fraud, appellee could only obtain relief therefrom by a proper proceeding in equity to set

aside and annul the decree. It is not contended that the
County Court had jurisdiction to entertain an original suit
in equity, but counsel rely upon the well established rule
that the County Court has equitable jurisdiction in respect
to all matters pertaining to the settlement of estates of de-
ceased persons, and that it may, in a proper case, on motion,
at a subsequent term, set aside an order allowing a claim
where fraud or mistake has intervened; that the petition in
question was in the nature of a bill of review and that inas-
much as all the parties of the original petition for the sale
of real estate were made parties and served with notice,
the proceeding was proper under the circumstances, and
warranted the court in granting the relief sought and ob-
tained.

We do not think that the equitable jurisdiction of county
courts over claims, during the administration of an estate,
is expansive or elastic enough to include the power to en-
tertain bills or petitions to review, amend or annul decrees
for the sale of real estate to pay debts after the lapse of
the term at which they are rendered; that if appellee be
entitled to the relief here sought, resort must be had to
court of chancery possessing general equity jurisdiction.
Be that as it may, we are of opinion that in the proceed-
ing under consideration, neither the averments of the peti-
tion, the evidence in support thereof, nor the findings of
the court, is sufficient to warrant the relief granted by the
decree. To enable the County Court to set aside the former
decree, the facts alleged and proved must be such as would
move a court of equity to entertain jurisdiction and grant
the relief. No such facts appear to have been either al-
leged or proved.

The petition avers that through fraud, accident or mis-
take, the administrator, by imposition upon the court,
caused the decree in the respect complained of, to be en-
tered and the payment made thereunder; that said admin-
istrator represented to the court that the amounts fixed
were the true value of the dower and homestead interests,
and that such representations were false and fraudulent.

These allegations do not, under the rules of pleading, amount to a charge of fraud. No facts are stated showing that the representations in question were false and fraudulent, nor is there any evidence to that effect, nor does the decree sufficiently find any such facts. While it finds that the original decree was entered by fraud, accident or mistake, and that the court by fraud, erroneously computed the value of the dower, there is no finding as to in what the fraud consisted, who perpetrated the same, or of what fraud any person was guilty. The mere fact that the administrator overestimated or overstated the rights of the widow, would not have constituted fraud, accident or mistake. Ward v. Durham, 134 Ill. 195.

There is, however, no evidence that he or anyone else ever suggested to the court what the rights of the widow were or what would have been a proper allowance to be made to her in lieu thereof, nor is there any finding of the court to that effect.

In Ward v. Durham, 134 Ill. 195, the court says: "The loss of a defense, to justify a court of equity in removing a judgment, must in all cases be occasioned by the fraud or act of the prevailing party, or by mistake on the part of the losing party unmixed with any fault of himself or agent. * * * Mere irregularity, or the insisting upon rights which upon a due investigation of those rights might be found to be overstated or overestimated, is not the kind of fraud which will authorize a court of equity to set aside a judgment."

In R. R. Co. v. Ennor, 116 Ill. 55, it is said: "It cannot be allowed as a ground for setting aside a judgment that there was false testimony given at the trial, or false assertions as to the liability previously made. If this were admitted, there would be little stability in judgments. * * The proof fails to show that the complainant was prevented from availing himself of his defense by the fraud or act of the opposite party unmixed with fault or negligence on his part."

In Dickson v. Hitt, 98 Ill. 300, an executor failed to ac-

count for cattle inventoried and charged commissions on an uncollected and worthless note. His final account was approved and he was discharged. Upon a bill filed to set aside the settlement of his account and his discharge, it was held that there was no fraud justifying the intervention of a court of equity; that if the executor claimed the credits it was not fraud to do so, and if the court allowed them erroneously, the judgment should have been corrected on appeal, and that a court of equity could not take jurisdiction to correct it.

Counsel for appellee further contend that even if it be true that the County Court had no authority to enter the modified decree at a subsequent term, such court, nevertheless, had full and complete power to grant the relief sought, on the ground that the original decree, in so far as it ordered that the widow be paid a larger sum for her homestead and dower interest, than under the law, she was entitled to, was for that reason null and void.

There is no merit in such contention. The jurisdiction of the County Court over the subject-matter and all parties interested in the real estate involved, is unquestioned. Under the statute the court had power to award and direct payment to the widow, the value, in gross, of her dower and homestead interests. If, through accident, fraud or mistake, an excessive sum was awarded, those aggrieved thereby had their remedy either by appeal, or, upon a proper showing, by a proceeding in a court of general equity jurisdiction.

The decree will be reversed and the cause remanded, with directions to the County Court to dismiss the petition at the cost of petitioner.

*Reversed and remanded.*