WILLIAM H. RYUS v. GEORGE GRUBLE.

1. TRESPASS BY SHERIFF; *Limitation of Action.* Where a sheriff wrongfully levies upon personal property and sells the same, the cause of action for such wrong is barred by the statute of limitations within two years.

2. ———— And such bar cannot be avoided by suing the sheriff upon his official bond.

3. ACTION BARRED — *Security Barred.* · The wrong committed by the sheriff furnishes the real and substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security to indemnify any person who may suffer by reason of any official wrong committed by the sheriff, and when the cause of action is barred the security is also barred.

4. ———— While, under one provision of the statute of limitations, an action on a sheriff's bond "can only be brought within five years after the cause of action shall have accrued," yet such an action may be barred by other provisions of the statute of limitations within a period of time less than five years.

*Error from Wyandotte District Court.*

APRIL 25, 1883, plaintiff *Gruble* recovered against defendant *Ryus* a judgment for $855.22 and costs. New trial denied. Defendant brings the case here. The facts are stated in the opinion.

*D. B. Hadley, J. B. Scroggs,* and *J. A. Hale,* for plaintiff in error.

*R. P. Clark,* and *Nathan Cree,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by George Gruble against William H. Ryus, on a sheriff's bond executed by Ryus and others. The alleged breach of the bond was that on December 26, 1877, Ryus, as sheriff of Wyandotte county, Kansas, levied a void execution upon the personal property of George Gruble and sold the same, the last article or property being sold on January 17, 1878. The defendant, in answer to the plaintiff's petition, not only set forth a justification, but also pleaded that the plaintiff's supposed cause of action did not accrue within three years next preceding the commencement of the action. The action was commenced on December 23, 1882.

. The first question to be considered is, whether the plaintiff's cause of action was barred by any statute of limitations when this action was commenced. The defendant· claims that the only statute of limitations which has any application to this case, is that part of § 18 of the civil code which reads as follows:

· "SEC. 18. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . . *Third.* Within two years, . . . an action for taking, detaining or injuring personal property."

The plaintiff claims that the only statute of limitations which can have any possible application to this case is the fifth subdivision of § 18 of the civil code, which reads as follows:

"*Fifth.* An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, . . . can only be brought within five years after the cause of action shall have accrued."

The following quotation from § 18 of the civil code includes some of the other limitations provided for by statute, though probably the most of these limitations do not apply to the present case. Actions can be brought only within the following periods of time:

"*First*, within five years: an action upon any agreement, contract or promise in writing; *second*, within three years: an action upon contract, not in writing, express or implied;. . . . *third*, within two years: an action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract and not hereinafter enumerated."

The wrongs charged in the plaintiff's petition as the foundation for his present action, are a trespass upon real property, and the taking, detaining and selling of personal property. Now an action for these wrongs is barred within two years; while the present action was not commenced until nearly five years after these wrongs were committed. In the language of the statute, an action for these wrongs " can *only* be brought" "within two years," "and *not afterwards*." The plaintiff, however, says that this is an action upon a sheriff's bond, and that an action on a sheriff's bond is not barred until five years have elapsed. This is generally true; but the language of the statute cited by the plaintiff undoubtedly means, when construed along with the other statutes and when all the statutes upon the subject of limitations are considered together, that all actions on a sheriff's bond shall be barred within five years, though some of such actions may be barred within a shorter period of time; and all statutes *in pari materia* must be considered together in construing any part of such statutes. The language of the statute cited by the plaintiff is not that a cause of action on a sheriff's bond *shall not be barred* until five years have elapsed; but the language of the statute is, that the action " can only be brought within five years after the cause of action shall have accrued."

Under the facts of this case, the plaintiff had an action against the defendant for a trespass upon real property, which action was barred within two years. He also had an action for the taking and conversion of the personal property, which action was also barred within two years; and if the defendant, when he sold the personal property, received money therefor,

49—31 KAS.

then the plaintiff had an action against the defendant for money had and received, (waiving the torts and waiving the other actions,) which action was barred within three years. But the plaintiff had no cause of action against the defendant (aside from the formal cause of action on the sheriff's bond) which would withstand the operation of all the various statutes of limitations for a period of time greater than three years.

As before stated, the wrongs committed by the defendant are the real and substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; and while the statute cited by plaintiff operates to bar every action brought upon the bond to enforce a cause of action which accrued more than five years prior to the commencement of the action, yet such statute does not operate to suspend the operation of the other statutes of limitations, or to continue in force or revive a cause of action which had already been barred by some one of the other statutes of limitations. Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action. Ample authority for all these propositions will be found in the following adjudicated cases: *The State v. Conway,* 18 Ohio, 235, 237, *et seq.; Ohio v. Blake,* 2 Ohio St., 147; *The State v. Newman,* id. 567; *Mount v. Lakeman,* 21 id. 643; *The State v. Kelly,* 32 id. 430, 431; *Dawes v. Shed,* 15 Mass. 6.

The judgment of the court below will be reversed, and the cause remanded.

All the Justices concurring.