LIDA K. STELLE *et al.*

*v.*

GEORGE T. LOVEJOY.

*Filed at Ottawa June 16, 1888.*

1. MEASURE OF DAMAGES—*in action on appeal bond.* In an action on an appeal bond given on an appeal from a judgment of a justice of the peace, when the appeal is dismissed, the real amount of the recovery sought is the amount of the justice's judgment, with interest thereon, and costs. The judgment for the penalty of the bond would be satisfied by the payment of that amount.

2. APPEAL BOND—*discharge by payment of judgment appealed from.* Payment of the judgment appealed from, with interest and costs, will discharge the surety's liability on the appeal bond.

3. LIMITATION — *of action on appeal bond.* An action on an appeal bond given on appeal from a judgment of a justice of the peace, brought to recover the amount of the judgment of the justice, after dismissal of the appeal, is not barred after the lapse of five years from the time an action on the judgment accrued. Whatever may be the limitation as to an action on the judgment, an action on the bond will not be barred until ten years after the cause of action thereon accrued.

4. The undertaking of a surety upon an appeal bond is not a collateral one, but an absolute covenant that the principal shall pay the judgment appealed from, upon the dismissal of the appeal, with interest and costs, and an action thereon is not barred by any period short of ten years.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. THOMAS DENT, and Mr. R. P. BLANCHARD, for the appellants:

It is a familiar principle that a statute of limitations shall not be applied to cases not clearly within its provisions. *Hazell* v. *Shelby*, 11 Ill. 9.

Section 16 of the Limitation law provides: "Actions on bonds   *   *   *   shall be commenced within ten years." That section provides for actions on bonds, and consequently

such actions are not provided for by section 15, which, in terms, is applicable to "unwritten contracts, * * * and civil actions not otherwise provided for."

If an action on the judgment were barred in five years, an action on the bond would not be, for it is an independent promise under seal, based on a valuable consideration, as well as a security. (3 Parsons on Contracts, 355; *Smith* v. *Whitaker*, 11 Ill. 417; *Belknap* v. *Gleason*, 11 Conn. *160.) But if action on the judgment were barred, action on the appeal bond would not necessarily be barred, even though the bond were a security only, for, in that view, it is an additional and higher security, and an action upon it would lie, because statutes of limitation act upon the remedy, merely, not upon the debt. *Waltmire* v. *Westover*, 14 N. Y. 16; Angell on Limitations, secs. 7, 73; 2 Parsons on Notes and Bills, 631.

The appeal bond was as much to give an additional remedy as a replevin bond, as to which see *Fahnestock* v. *Gilham*, 77 Ill. 637.

Mr. LYMAN M. PAYNE, and Messrs. C. C. & C. L. BONNEY, for the appellee:

Action upon a justice's judgment is barred in five years. Rev. Stat. 1874, chap. 83, sec. 15; *Bemis* v. *Stanley*, 93 Ill. 230; *Zepp* v. *Hager*, 70 id. 223; *Eaton* v. *Henagan*, 17 Bradw. 156.

A bar that would defeat a recovery on the debt may be interposed to defeat a recovery on the security for such debt. *Harris* v. *Mills*, 28 Ill. 44; *Pollock* v. *Maison*, 41 id. 516; *March* v. *Mayers*, 85 id. 177; *Emory* v. *Keighan*, 88 id. 482; *Locke* v. *Caldwell*, 91 id. 417.

Since an appeal bond is to be regarded as a mere security for the payment of the judgment, whatever discharges the judgment discharges also the liability of the obligors on the bond. *Andrews* v. *Scotton*, 2 Bland's Ch. 629; *Nat. Bank* v. *Rogers*, 13 Minn. 417; *Cass* v. *Adams*, 3 Ohio, 223; *Ellis* v. *Fisher*,

23—125 ILL.

10 La. Ann. 479; *Ohio* v. *Blake,* 2 Ohio St. 147; *Walton* v. *United States,* 9 Wheat. 651; *State* v. *Conway,* 18 Ohio, 234; *Cook* v. *King,* 7 Bradw. 549.

Actions on unwritten contracts, express or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property, or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued. Rev. Stat. 1874, chap. 83, sec. 15.

Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued. Rev. Stat. 1874, chap. 83, sec. 16.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It appears from an amended declaration, which is the only declaration found in the transcript filed in this court, this suit is by Lida K. Stelle and Edward T. Stelle, administrators of the estate of Leonard G. Klinck, deceased, for the use of William H. Sisson, against Hebern Claflin and George T. Lovejoy, and is in debt, upon an appeal bond made by defendants,— the first named as principal and the second as surety,—in the case of Leonard G. Klinck, for the use of William H. Sisson, against defendant Claflin, on the 23d day of June, 1875. It is recited in the bond, the plaintiff in the action before the justice of the peace had recovered a judgment against defendant Claflin, for the sum of $174, and costs of suit, taxed at $5.95. The obligatory condition in the bond is in the usual statutory form, as follows: "If the said Hebern Claflin shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by said court upon the trial of said appeal, or by consent, or, in case the appeal is dismissed, will pay the judgment rendered against him by said justice, and all costs occasioned by said appeal, then the above

obligation to be void, otherwise to remain in full force and effect." Afterwards, on the 21st day of November, 1876, the appeal secured by the filing of the bond was dismissed by the circuit court, and the plaintiff in that suit recovered a judgment for his costs, in the circuit court, against Claflin, taxed at the sum of $1.50. The breach assigned is, defendant Claflin has not paid the judgment mentioned in the writing obligatory, with the interest and costs, or any part thereof. It does not appear, from anything in the transcript of the record filed in this cause, whether defendant Claflin was served with process or not. There is no default as to him, and no disposition of the case appears to have been made as to him. Only Lovejoy, the surety on the bond, appeared and filed pleas. Before the trial, which was before the court, without a jury, all pleas, except the fifth and sixth of the series, were withdrawn, and as to them the court overruled the demurrer that had been filed thereto by plaintiffs. The decision of the court overruling the demurrer to defendant's pleas raises all the questions of law discussed.

The judgment seems to have been rendered for the penal sum named in the bond, and for damages in the sum of $1.51, and as that is in conformity with the sixth plea, it will only be necessary to consider that plea in the discussion of the case. The substance of that plea is as follows: "*Actio non* as to plaintiffs' entire cause of action, except said debt and $1.51 damages, because the supposed justice's judgment became a cause of action more than five years before commencement of this suit, and a cause of action did not accrue thereon within five years next before commencement of this suit; and so action upon said supposed writing obligatory at the time of the commencement of this suit, and long prior thereto, to-wit, since November 21, 1881, had been barred by force of the statute, except as to said debt and $1.51 damages."

It will be observed in the outset, that this case does not fall within the principles of any case in this court construing

any statute of limitation to be found in the statutes of this State on that subject. The question presented for discussion is new, and is one of first impression. The declaration is upon a sealed instrument,—that is, an appeal bond taken in conformity with the statute. The object is not to recover the penalty for the judgment, for the penalty would, of course, be discharged on the payment of any damages that might be recovered. It is manifest the action is to recover from the surety the amount of the judgment, with interest and costs, which plaintiffs recovered before the justice of the peace against the principal in the bond. This, the plea alleges, can not be done, for the reason the supposed justice's judgment became a cause of action more than five years before the commencement of this suit, and a cause of action did not accrue thereon within five years next before the commencement of this suit. It would no doubt be conceded, if this bond, being an instrument under seal, was for the absolute and unconditional payment of a sum of money, an action could be maintained upon it at any time within ten years. The only limitation to the bringing of such an action is that contained in the 16th section of the act entitled "Limitations," (Rev. Stat. 1874.) The contention on the part of the defense is, that inasmuch as this action upon the bond is simply to recover the amount of the judgment before the justice of the peace, and as an action on that judgment against the defendant therein,—that is, Hebern Claflin,—was barred by the statute of limitation of five years, before this suit was commenced, it therefore follows, no action on the bond can be maintained against the surety thereon to recover the amount of the judgment described in the bond. Without stopping to inquire whether an action on a judgment recovered before a justice of the peace is barred within five years, under that clause of section 15 of the Limitation act which declares, "all civil actions not otherwise provided for" shall be commenced within five years next after the cause of action accrues, does it follow the action on the bond in this

case is, for that reason, also barred by the same provision of the statute? It is thought a brief discussion will show it is not, but that whatever limitation there may be to such an action is found in section 16 of the Limitation act.

The plea does not allege the judgment obtained before the justice of the peace, against the principal in the bond, has been paid, or any part of it. Of course, if the judgment had been paid, no action could be maintained on the bond for the same claim. That is upon the principle, a party can not have at law more than one satisfaction of his debt or demand. It therefore appears the judgment still remains unpaid. On a careful study of the plea, it will be seen it presents an immaterial issue, and is, for that reason, bad. How does it affect defendant's obligation created by his bond, that Claflin could not be sued on the judgment obtained against him before the justice of the peace? It might be for reasons other than the statute of limitation of five years, that no action could be maintained on the judgment before the justice of the peace, against the debtor,—as, for instance, after the judgment the debtor might have been discharged in bankruptcy. Would it be insisted such discharge of the judgment debtor would discharge the surety on the appeal bond? Certainly not. It is simply stating an obvious fact that this defendant, Lovejoy, could not, at any time, have been made liable in an action on the judgment before the justice, against Claflin. It is not claimed that he could, and it is wholly immaterial to him whether the action against Claflin would be barred by the statute of five years. Had Claflin been sued on that judgment, it could not be known he would plead any statute of limitation; and if judgment had gone against him, by default or otherwise, would it be insisted this defendant, Lovejoy, would not be liable on his bond for the original judgment until an action thereon would be barred by the 16th section of the Limitation act? It is obvious that whatever obligation rests on defendant Lovejoy, arises on the bond executed by him. And what is that obliga-

tion? His covenant is, that in case the appeal was dismissed, (which was done,) his principal would "pay the judgment rendered against" him in the justice's court, and "all costs occasioned by said appeal." As has been seen, the breach assigned is, that defendants have not paid the judgment and costs, or any part thereof. That fact is not denied by any plea in the case. How, then, is this defendant Lovejoy relieved of his obligation created by the bond, to pay the judgment and costs in case the appeal should be dismissed, as was done? Confessedly, his undertaking in that respect has never been performed. His covenant in his bond is absolute that his principal will pay the judgment in the justice's court on the happening of a contingency, viz., the dismissal of the appeal. It is not in any sense a collateral undertaking. It is an original covenant or agreement. It is sought to run a parallel between the covenant in this bond and a mortgage to secure a debt, where the debt secured is regarded as the principal and the mortgage as a mere incident, and where the debt is paid or barred by any statute of limitation the mortgage fails also. But this can not be done. Here, in this bond, there is an absolute undertaking, the makers will pay the judgment in the justice's court on the happening of a certain contingency, which did occur. But a mortgage to secure indebtedness seldom contains any covenant that the maker will pay the debt secured, and accordingly it is held, if the debt secured is barred, the mortgage itself fails, and can not thereafter be foreclosed in any mode known to the law. But the rule is different if the mortgage itself contains a covenant for the payment of the money secured, as this court has held in *Harris* v. *Mills*, 28 Ill. 44. It was there said: "When such a covenant is found in the mortgage, it being under seal, and the debt to secure which it was given is not, a bar to a recovery of the debt, if of a shorter period than a bar to a sealed instrument, could not affect the remedy on the covenant in the mortgage. If the statutory period necessary to bar an unsealed instrument

be of shorter duration than a sealed instrument, a mortgage containing such a covenant given to secure the payment of a debt evidenced by an unsealed note, would be governed by the longer period required to bar a recovery on sealed instruments."

The principle of that case finds appropriate application to the facts of the case being considered, and would seem to control. It might be conceded, an action on the judgment in the justice's court would be barred in a shorter period; but that fact "could not affect the remedy on the covenant" in the bond in suit, which contains an absolute obligation that the principal shall pay the judgment, with the costs. It seems to follow, upon principle as well as from authority, that an action on the obligation of defendant Lovejoy to pay the judgment in the justice's court, against his principal, created, as it was, by a sealed instrument, would not be barred by any period short of that stated in the 16th section of the Limitation act, (which is ten years,) and hence the pleas of five years pleaded constitute no bar to the action.

The judgments of the Superior and Appellate Courts will be reversed, and the cause remanded to the Superior Court.

*Judgment reversed.*