THE BOARD OF COMMISSIONERS OF CLAY COUNTY v. MRS. J. F. STREETER.

No. 72.

LIMITATION OF ACTION—*Application of Statute.*    In 1875 Mrs. Streeter leased a certain building in Clay Centre, Clay county, Kansas, to the county of Clay for the term of 99 years, and among others the following stipulation was contained in the lease: "The county of Clay, or its assigns, during the continuance of this lease, shall pay its proportionate share of the taxes levied upon all of said building in the proportion which the interest of Clay county or its assigns bears to the value of the whole building." The county failed to pay any part of the taxes for the years 1875 to and including the year 1889, and the same were all paid by Mrs. Streeter, who, upon the 17th day of September, 1890, began her action in the district court of said county to recover the amount so paid with interest. The trial court rendered judgment in favor of Mrs. Streeter and against the county for the taxes for the years 1878 to 1885, inclusive, in the sum of $835.91. *Held,* Error; that the cause of action upon each of the payments accrued as soon as it was made, and the action for recovery thereof would be barred by the three-years statute of limitations.

MEMORANDUM.— Error from Clay district court; R. B. SPILMAN, judge. Action to recover taxes under a contract of lease by Mrs. J. F. Streeter against the board of commissioners of Clay county. Judgment for plaintiff. Both parties bring the case to this court. Reversed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows :

This action was originally brought in the district court of Clay county, Kansas, by Mrs. J. F. Streeter, against the board of county commissioners of said county.   The facts necessary for an understanding of the case are as follows :  It is claimed on the part of Mrs. Streeter, that on the 7th day of September, 1875, she leased to the board of county commissioners of said county the upper stories of a certain building owned by her as a court-house for said county and for county offices ; that the lease contained the following stipulation :

" The county of Clay, or its assigns, during the continuance of this lease, shall pay its proportion of the taxes levied upon all of said building in the proportion which the interest of Clay county, or its assigns, bears to the value of the whole building."

In pursuance of said lease, the board of county commissioners of Clay county took possession of the upper stories of said building, and, from that time up to the beginning of the action, the same were continuously in the possession, under the control, and used by the county of Clay as a court-house and for county offices. Mrs. Streeter paid all of the taxes assessed against said building from 1876 to 1889, inclusive.   The defense interposed was that the action was barred by the statute of limitations, under paragraph 1676, General Statutes of 1889, and also by the provisions of the code of civil procedure with reference to the time of the commencement of actions, and also, that, as the upper story of said building was being held by the county exclusively for county purposes, under a lease for 99 years, the building was exempt from taxation,

and that, if Mrs. Streeter paid taxes levied upon that portion of the building, and such payment was voluntary, she cannot recover from the county. The case was tried by the court without a jury, and on the evidence the court made certain findings of fact, and as a conclusion of law the court held, that Mrs. Streeter was entitled to have and recover of and from the board of county commissioners of Clay county two-fifths of all the taxes paid on the building for the years 1878 to 1885, inclusive, amounting in all to $835.91, but could not recover for the taxes paid for the years 1876, 1877, 1886, 1887, 1888, and 1889. To the judgment of the court both parties excepted, and bring the case here for review.

*J. P. Otis*, county attorney, and *F. B. Dawes*, for plaintiff in error.

*F. P. Harkness*, and *A. A. Godard*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: Several questions are presented for our consideration. We will consider first the question raised by plaintiff in error, "Was the cause of action barred by the statute of limitations at the time of the commencement thereof?" This we are constrained to answer in the affirmative. The wrongs charged in the petition and which are the foundation of the action are, that the county failed to pay certain taxes which it agreed to pay, and that the defendant having paid them, she is entitled to recover them from the county. We think the cause of action arises out of an implied contract, and falls within the limitations of subdivision 2 of section 18 of the code of civil procedure. The contract of lease gives no cause

of action. It is a mere agreement to do a certain thing. It makes no promises as to what will be the effect if the agreement be not performed. There is no express stipulation therein that, if the county should not pay, the lease would be forfeited; nor can any such inference be drawn from its terms. Suppose these taxes had never been paid : what cause of action would Mrs. Streeter have against the county ? It is only by operation of law that Mrs. Streeter has any cause of action or right of recovery — she being the party to whom the agreement ran, and having paid to protect herself, which it was her duty to do, so as to keep the damages within the lowest possible limit. The law creates an implied contract that the county will reimburse her, not, however, upon the written contract, but upon the fact of payment, and this implied contract creates the cause of action, and it accrues as soon as the payments are made. It is the wrongs done (the delicts) that create the cause of action, and these are not complete until the other party has suffered damage, and this could not occur in this case until she paid. When did the delicts occur? Take the earliest possible moment of time when the county could be said to be in default, or have committed a wrong : Certainly not until the taxes became due. But can she complain at this time? We think not, for she has not been harmed. But when she has made the payment she is damaged to the amount paid, and by reason of the implied contract has a cause of action against the county for the amount to which she has been damaged. We think this view of the case is sustained by not only the decisions of the supreme court of this state, but by the courts of last resort in many others. (*Ryus v. Gruble*, 31 Kan. 767 ; *Comm'rs of Graham Co. v. Van Slyck*, 52

id. 622.) In the last-cited case (which was an action against a county clerk for failure to account for fees), the court held that "a cause of action for fees not accounted for and wrongfully retained by such officer accrues at the end of each quarter, when the allowance of salary is made," and that, notwithstanding the officer's bond, his official bond, upon which, under the fifth subdivision of section 18, code of civil procedure, an action could be commenced within five years, the limitation in subdivision 2 of said section controls. Mr. Justice JOHNSTON, in delivering the opinion of the court, at page 628, uses this language :

"An action accrued against the defendant for the fees collected and unaccounted for at the quarterly settlement following the receipt of such fees. The public records disclosed the performance of the official services by the clerk, and what fees should have been charged and collected. The statutory limitation could not be extended by the failure to demand the payment of the fees collected."

We think this rule strictly applies to the case at bar, and not, as contended for by defendant in error, that the statutory limitations can be extended (at the pleasure of the party) by neglecting to bring suit. We do not think this view conflicts with the decision in *Whitaker v. Hawley*, 30 Kan. 317, relied upon by defendant in error, nor is it applicable to the facts in this case.

Could the defendant in the case at bar defeat all the other items of taxes paid by proof as to one? Would the bringing of suit upon the first item, before a default as to others and a prosecution thereof to a final determination, be a bar to an action upon any of the others? Are the facts constituting the cause of action upon any one of them necessarily involved in an action upon any or all the others? If so, they

would constitute one cause of action, and the issues in one be *res judicata* as to the others, and the contention of defendant in error would be correct. But all of these questions must be answered in the negative. Each and every item charged stands alone, and might depend upon an entirely different state of facts, the proof of which, in one instance, or as to one item, would not be admissible in any of the others. For instance, the legality of the tax for each year would be necessary to be established. All of these taxes might be illegal, but from entirely different causes. Would proof of the fact that the taxes in 1877 were legal, or illegal, establish the legality or illegality of the taxes for any other year? We think not. If suit had been brought for the taxes of 1877, and judgment rendered, would that act as a bar to an action for the taxes of 1878, which had not been paid by Mrs. Streeter at the time she recovered for the taxes of 1877? Certainly not, nor are the facts constituting the cause of action upon any one of them necessarily involved in an action upon any of the others. The building leased by the county of Clay was located upon portions of two lots, 18 and 19, which were 46 feet wide and 130 feet long, and said building was so constructed and located that it stood one-half on the east 71 feet of the north half of lot 18, and one-half on the east 71 feet of the south one-half of lot 19. The court, in its eighth special finding of fact, found that

"at no time was the building in controversy, with the portions of lots 18 and 19 upon which it was located, ever assessed together as one property, or separate from the remainder of lot 19, for the 12 years from 1876 to 1887, inclusive. In making the assessment, the value of the building was taken as if it was all located on the east 71 feet of the north half of lot 18;

while, for the years 1888 and 1889, in making the assessment, the building was treated as if one-half of it was on the east 71 feet of the north half of lot 18, and one-half of it on the south half of lot 19. In the 10 years, from 1876 to 1885, inclusive, the value of the whole building was taken into consideration in making the assessment ; while for the four years, from 1886 to 1889, inclusive, the value of the first story only of the building was taken into consideration, and the value of that portion of it occupied by the county of Clay was not included in the assessed value of the property."

In the tenth finding of fact the court states :

"The proportionate share of the taxes levied upon said building for the years 1876 and 1877, which should have been paid by the county of Clay, cannot be ascertained from the evidence."

The conclusions of law are as follows :

"1. That plaintiff is not entitled to recover from the defendant anything in this action on account of taxes paid by her for the years 1876, 1877, 1886, 1887, 1888 and 1889 on the building in controversy in this action."

This conclusion, under the findings and the pleadings, is undoubtedly correct.

"2. The plaintiff is entitled to recover from defendant the share of taxes levied on the building in controversy in this action and paid by her which, under said lease, should have been paid by said county of Clay for the years 1878 to 1885, both inclusive, and are as follows : . . . with interest on said amounts at the rate of 6 per cent. per annum from the dates they were respectively paid."

This is erroneous, as all of these payments were barred by subdivision 2 of section 18, code of civil procedure, General Statutes of 1889, paragraph 4095, more than three years having elapsed from the time the

payments were made before the commencement of the action.

The judgment in this case will be reversed, and cause remanded, with instructions to render judgment for the county of Clay.

All the Judges concurring.