### The People of the State of Illinois for the use of George W. Stubblefield, Appellant, v. Albert Wochner et al., Appellees.

### Gen. No. 8,042.

1. SHERIFFS AND CONSTABLES—*nature of bond.* A sheriff is bound by law to perform his official duties whether or not his official bond is given, with the result that his official bond is merely collateral.

2. SHERIFFS AND CONSTABLES—*limitation of actions on bond.* In an action upon a sheriff's bond, the gist thereof is not the bond but the officer's wrongful act and upon that being barred by the 5-Year Statute of Limitations, Cahill's St. ch. 83, ¶ 16, no action can be had upon the bond.

3. SHERIFFS AND CONSTABLES—*when action on bond barred.* One who waits nine years before attempting to litigate, in an action upon a sheriff's official bond, the commission of an assault, and claims his action is ruled by the 10-year limitation on bonds of Cahill's St. ch. 83, ¶ 17, contravenes the spirit and purpose of the statute of limitations intended to prevent delay and fraud, and his action will be held barred under the 5-year provision of Cahill's St. ch. 83, ¶ 16, which bars action on the sheriff's seizure of a note from the person.

Appeal by plaintiff from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 28, 1927.

W. H. KERRICK and SCHNEIDER & SCHNEIDER, for appellant.

SIG. LIVINGSTON and JOHN M. SULLIVAN, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellees (defendants below) were sureties on the bond of George E. Flesher, a sheriff of McLean county. The declaration was filed April 2, 1926, and contains two counts. The allegations are substantially the same in both counts, wherein they allege: "That the said George E. Flesher, on, to wit, the 10th day of January, 1917, did, in his official capacity, without authority of law, seize and take from the person of the said George W. Stubblefield one promissory note * * * and did, without authority of law, surrender said note into the possession of the circuit court in and to the county of McLean and State of Illinois."

Appellees were sureties upon Flesher's bond executed November 20, 1914, the condition of which was that if the above bounden George E. Flesher shall perform all the duties required or to be required by law of him as sheriff of said McLean county, then this obligation to be void, otherwise to remain in full force and effect.

The defendants filed two special pleas, the 2-Year Statute of Limitations and the 5-Year Statute of Limitations. Plaintiff demurred to each plea. The demurrer was sustained as to the first plea and overruled as to the second. Plaintiff elected to stand by his demurrer and judgment was entered against him for costs and this appeal is from that judgment.

It is the contention of appellees that an action against the sheriff, being barred in five years after the commission of the act complained of, the action is also barred against the sureties after the lapse of five years from the date of the breach.

Appellant contends that the 5-Year Statute of Limitations does not apply, and as the action was brought within 10 years after the breach charged, the demurrer should have been sustained, as the action is based upon a written instrument and is governed by Cahill's St. ch. 83, ¶ 18, and appellant cites *Stelle v. Lovejoy,* 125 Ill. 352, 358; *Frank v. People,* 147 Ill. 105, 112, and *Nevitt v. Woodburn,* 160 Ill. 203, 209, in support of its contention.

In *Stelle v. Lovejoy, supra,* the bond contained an absolute covenant to pay a fixed sum of money—a judgment—upon the dismissal of an appeal, and counsel sought to argue that the bond constituted a collateral security, as a mortgage, where the debt is regarded as the principal and the mortgage as a mere incident; but the court pointed out that mortgages rarely contained a covenant to pay the mortgage debt and the effect of such a covenant in the mortgage, and said:

"The principle of that case finds appropriate application to the facts of the case being considered, and would seem to control. It might be conceded, an action on the judgment in the justice's court would be barred in a shorter period; but that fact 'could not affect the remedy on the covenant' in the bond in suit, which contains an absolute obligation that the principal shall pay the judgment, with the costs. It seems to follow, upon principle as well as from authority, that an action on the obligation of defendant Lovejoy to pay the judgment in the justice's court, against his principal, created, as it was, by a sealed instrument, would not be barred by any period short of that stated in the 16th section of the Limitation act, (which is ten

years,) and hence the pleas of five years pleaded constitute no bar to the action."

In *Frank v. People, supra,* the action was based upon an administrator's bond and the court cites the sections of the statute relating to such bonds, into which, by statute, the covenant to pay has been written. " 'If any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the county court lawfully made, within thirty days after demand made,' etc., the court, upon application, may attach and imprison him, to compel compliance with the order; 'and, moreover, such failure or refusal on the part of such executor or administrator shall be deemed and taken, in law, to amount to a *devastavit,* and an action upon such executor's or administrator's bond, against his sureties, may be forthwith instituted and maintained, and a failure aforesaid to pay such moneys or dividend shall be a sufficient breach to authorize a recovery thereon.' "

In the same case, the court, citing and quoting from *Ralston v. Wood,* 15 Ill. 159, states: "The suit upon the bond is a collateral action, founded as well upon that judgment as upon the bond itself, and when the judgment is offered in evidence like any other judgment of a court of competent jurisdiction, it cannot be inquired into by those affected by it, except for fraud."

In *Nevitt v. Woodburn, supra,* the action was based upon an administrator's bond where the rights of the parties had been determined by a decree of the circuit court. In that case the court cited *Irwin v. Backus,* 25 Cal. 214, and quoted: " 'As a general rule, sureties upon official bonds are not concluded by a decree or judgment against their principal, unless they have had their day in court or an opportunity to be heard in their defense; but administration bonds seem to form an exception to this general rule, and the sureties thereon, in respect of their liability for the default of

34     Appellate Courts of Illinois.

People for use of Stubblefield v. Wochner, 244 Ill. App. 30.

the principal, seem to be classed with such sureties as covenant that their principal shall do a particular act.' ''

In all of the cases cited by appellant the bonds sued upon contained specific covenants, or were bonds into which the statute had injected specific covenants and are not applicable to the bond in this case. The Supreme Court does not seem to have passed upon the identical question reaised here. In one form it was before this court in. *People v. Johnson,* 227 Ill. App. 36, upon a sheriff's bond, and the Statute of Limitations was raised in the last case, upon which the court held:

''The other contention of plaintiff is that while the right of property levied upon was in litigation, the statute of limitations did not commence to run. The rule of law sought to be applied has no application to this case. This is not a suit on a forthcoming bond or suit by a defendant in attachment upon an attachment bond, but is a suit upon the sheriff's official bond. If plaintiff had a cause of action against him it accrued to her January 15, 1908, and the statute of limitations began to run against her on that date. The rule is that when the statute begins to run it will continue to run until it becomes a bar, unless there is some saving or qualification in the statute itself. *United States Fidelity & Guaranty Co. v. Dickason,* 277 Ill. 77.'' But the record does not show whether the suit was barred by the 5-year or 10-year statute.

It is contended by appellees that if the action were against the sheriff alone to recover damages for the taking of the note, the 5-year statute would bar the action. *Carr v. Barnett,* 21 Ill. App. 137; *Pennsylvania Co. v. Chicago, M. & St. P. Ry. Co.,* 144 Ill. 197. As far as the officer himself is concerned, his official bond does not extend the obligation imposed on him by law and he is obligated faithfully to perform his official duties just as effectually without signing any bond,

unless by force of constitutional or legislative pro-
vision. Since the officer is already bound by law to
perform the duties pertaining to his office, the bond
is in effect merely a collateral to his official duties.
22 R. C. L. 497; *Walton v. United States,* 9 Wheat.
(U. S.) 651; *People v. Putnam,* 52 Col. 517, 122 Pac.
796.

Numerous cases are cited by appellee as to the law
in other States upon this question, and it is held: In
actions against public officers on their official bonds
it has been said that, ''While it is true this is an action
against a bond, it is not an action on a written con-
tract, as the basis of the action is the wrongful and
illegal act of the principal upon which the liability of
the surety is dependent.'' *Hillyard ex rel. Tanner v.
Carabin,* 96 Wash. 366, 165 Pac. 381; *Board of Com'rs
of Graham Co. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299.

The gist of the action is not the bond but the wrong-
ful act of the officer. The bond is more in the nature
of a collateral security and the cause of action is the
misfeasance or malfeasance of the officer. *State v.
Conway,* 18 Ohio St. 235; *State v. Blake,* 2 Ohio St.
147.

''The bond does not give the cause of action; the
wrongs or delicts do; and the bond simply furnishes
security to indemnify the persons who suffered by
reason of such wrongs or delicts; * * * When the
principal debt or cause of action fails, the security
must also fail; and, as we have stated before, a sher-
iff's bond is simply a security, collateral to the main
cause of action.'' *Ryus v. Gruble,* 31 Kan. 767, 3 Pac.
518; *People v. Putnam,* 52 Col. 517, 122 Pac. 796;
*Spokane County v. Prescott,* 19 Wash. 418, 53 Pac.
661.

A sheriff's or constable's bond is simply collateral
security for the performance of the officer's duties
and when suit is barred for a breach of his duty action
is also barred on his bond. *Phillips v. Hail* (Tex. Civ.

App.), 118 S. W. 190; *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518; *Paige v. Carroll,* 61 Cal. 211; *Sonoma County v. Hall,* 129 Cal. 659, 62 Pac. 257.

Whenever a cause of action is barred by any statute of limitations, the right to maintain a cause of action, therefor, upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. *Ryus v. Gruble, supra.*

So far as actions of this character are concerned, the limitation acts upon the cause, not the form of the action. *Chipman v. Morrill & Webster,* 20 Cal. 130, 137; *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661, 67 Am. St. Rep. 733. If no cause of action exists against a principal there can be none against the surety. *Leeds Lumber Co. v. Haworth,* 98 Iowa 463, 67 N. W. 383, 60 Am. St. Rep. 199, 207 (note).

In *Ryus v. Gruble, supra,* the court held:

"The wrongs charged in the plaintiff's petition as the foundation for its present action, are a trespass upon real property, and the taking, detaining and selling of personal property. * * * The plaintiff, however, says that this is an action upon a sheriff's bond, and that an action on a sheriff's bond is not barred until five years have elapsed. * * * The bond does not give the cause of action; the wrong or delicts do; and the bond simply furnishes security to indemnify the persons who suffered by reason of such wrongs or delicts; * * * Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails, then security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action."

In *State v. Conway, supra,* the court held: "The actual cause of action is not the execution of the bond; that is more in the nature of a collateral security, but

People for use of Stubblefield v. Wochner, 244 Ill. App. 30.

the cause of action is the misfeasance and false return. Without proof of the false return there could be no recovery. The action is, in effect, but not so in form, an action against an officer for misfeasance in office. So far as actions of this character are concerned the limitation acts upon the cause not the form of the action, and the effect of the statute cannot be evaded by any change in the form of the action.''

We find nothing in statute or in principle contravening the soundness of the rule established in the other States. Statutes of limitations are statutes of repose and are intended, after a reasonable time, to put at rest differences and difficulties, the facts in regard to which rest upon the frail memory of man. In this case, after nine years appellant seeks to litigate the commission of a tort, an assault, the only evidence of which must be the oral testimony of the actors and witnesses now living. This does contravene the spirit and purpose of the statute of limitations and invites litigants to delay and fraud. On the other hand, whenever bonds contain an express covenant to pay a specific debt or amount, either contained in the bond or determinable by other records or writings, the rule of limitations comes naturally under the 10-year statute.

We are satisfied that the circuit court of McLean county ruled correctly in overruling the demurrer to the second plea and the judgment of that court is affirmed.

*Affirmed.*