People of the State of Illinois for use of Alan C. Hammond, Appellant, v. Charles E. Graydon and Standard Accident Insurance Company, Appellees.

Gen. No. 40,986.

Opinion filed June 24, 1940.  Rehearing denied July 8, 1940.

HENRY C. FERGUSON, of Chicago, for appellant.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for certain appellee.

DENT, WEICHELT & HAMPTON, of Chicago, for certain other appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

July 11, 1938, plaintiff brought an action against Charles E. Graydon, former sheriff of Cook county and the Standard Accident Insurance Company, a corporation, surety on the sheriff's official bond, to recover damages claimed to have been sustained on account of the action of the sheriff in levying a writ of execution on Hammond's property July 30, 1928.  The sheriff answered denying liability and filed a counterclaim against the Hartford Accident & Indemnity Company, as surety, which had executed a bond in connection with the levy.  Defendant, Standard Accident Insurance Company, filed a motion to dismiss the complaint, and the order was that the motion of the surety company and the sheriff be allowed; plaintiff refused to plead further, suit was dismissed at plaintiff's costs and he appeals.

The complaint was in three counts, the first avers the execution and delivery of the bond for $100,000 by the sheriff and his surety December 27, 1926, conditioned that the sheriff would faithfully discharge the duties of his office; that July 30, 1928, an execution of the circuit court of Cook county issued on a judgment rendered in that court in favor of John C. Bowers and against A. L. Hammond, alias Albert L. Hammond; that the sheriff,

by his deputy, levied on goods and chattels belonging to the use plaintiff Alan C. Hammond; conducted a fraudulent sale of the property and fraudulently neglected to return the writ or to make a record of the goods or of the levy or sale; that afterward the ownership of the goods and chattels was litigated in a creditor's bill filed September 5, 1928, by George Stevens; that John C. Bowers, who was the judgment creditor named in the execution, intervened April 6, 1929; that September 20, 1934, the creditor's bill, on motion of plaintiff and Bowers, was dismissed over the objection of defendants in that case; that by reason of the result of the creditor's suit, the goods and chattels were wholly lost to the use plaintiff Alan C. Hammond; that the foregoing was a breach of the condition of the sheriff's official bond and plaintiff suffered actual damages of $1,700, the value of the property. This sum was claimed, plus 6 per cent interest from July 30, 1928; $700 attorney's fees for "prosecuting case of trial of right of property in the County Court and for defending said case in the Circuit Court of Cook County; and the said defendants became liable to the plaintiff under Section 50 of Chapter 77 of the Illinois Revised Statutes for five times $1700.00, or $8500.00 plus 6% interest on $1700.00 from July 30, 1928."

The second count is substantially the same as the first but omitting the allegations of fraud and claiming judgment only for actual damages, plus interest. The third count was substantially the same as the second, except that it was alleged that Graydon refused to deliver the goods and chattels to Hammond.

The theory of plaintiff is (1) "that this is a common law action upon a written instrument under seal and may be brought at any time within ten years"; and (2) "that if the statute of limitations had in fact barred the claim against defendant, Graydon, his suit upon the levy bond in 1935, founded upon his liability to the plaintiff . . . on his official bond and his counter

claim on the levy bond in the case at bar . . . removed the bar.''

On the other side, the theory of defendant, Standard Accident Insurance Company is (1) ''that the alleged cause of action, if any ever existed, is barred by the five-year Statute of Limitations, since the acts complained of are alleged to have occurred on or within 90 days after July 30, 1928''; and (2) ''that the plaintiff has failed to allege an actionable breach of the condition of the bond and that consequently the complaint does not state a cause of action against this defendant.''

The theory of the former sheriff is that the suit was properly dismissed, notwithstanding he filed his answer.

The gist of an action on the sheriff's official bond is the officer's wrongful act and is barred by the 5-Year Statute of Limitations (§ 15, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275]); *People for use of Stubblefield v. Wochner,* 244 Ill. App. 30; *County of Sonoma v. Hall,* 132 Cal. 589; *Commissioners of Graham Co. v. Van Slyck,* 52 Kan. 622; *Spokane Co. v. Prescott,* 19 Wash. 418; *Hillyard ex rel. Tanner v. Carabin,* 96 Wash. 366; *Ryus v. Gruble,* 31 Kas. 767; *People v. Van Ness,* 76 Cal. 121; *People v. Putnam,* 52 Colo. 517, Ann. Cas. 1913 E. pp. 1264–1266, 22 R. C. L. § 196.

In the *Wochner* case [244 Ill. App. 30], suit was brought against the sheriff and his sureties on his official bond in 1926. It was alleged in the declaration that the sheriff on January 10, 1917, without authority of law, took a promissory note from Stubblefield and surrendered possession of it to the circuit court of McLean county. Defendants filed two special pleas, viz., the 2-Year Statute of Limitations and the 5-Year Statute of Limitations. A demurrer to the first plea was sustained but overruled as to the second. Plaintiff elected to stand by his demurrer, judgment was entered against him, and he appealed. The court there said: ''Appellant contends that the 5-Year Statute of Limitations does not apply, and as the action was brought within

10 years after the breach charged, the demurrer should have been sustained, as the action is based upon a written instrument and is governed by Cahill's St. Ch. 83, par. 18.'' The court overruled this contention and held that the action was barred in five years, citing and discussing a number of authorities. Continuing the court there quoted from the *Hillyard* case [96 Wash. 366]: '' 'While it is true this is an action against a bond, it is not an action on a written contract, as the basis of the action is the wrongful and illegal act of the principal upon which the liability of the surety is dependent.' . . .'' The Appellate Court continues: ''The gist of the action is not the bond but the wrongful act of the officer. The bond is more in the nature of a collateral security and the cause of action is the misfeasance or malfeasance of the officer.'' Citing authorities. And quotes with approval from the *Gruble* case [31 Kan. 767], the following: ''The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffered by reason of such wrongs or delicts; . . . When the principal debt or cause of actions fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action.''

In § 196, p. 510, 22 R. C. L. in discussing the Statute of Limitations in connection with official bonds it is said that the statute does not commence to run against the action until the close of the principal's term of office ''though the conversion of which he is found guilty took place at a much earlier time. . . . Since a bond normally does not increase the liability of a public officer but operates as collateral security against his wrongful acts, it follows that when a cause of action is barred as against the principal it is barred against the sureties.''

The *Van Ness* case [76 Cal. 121], was an action against the commissioner of immigration and his

surety. The court after holding the Statute of Limitations barred the action said: "public officers and their bondsmen cannot be harassed by suits brought after the statutory periods of limitation have expired." And in the *Hall* case, [132 Cal. 589], an action was brought on the official bond of the county recorder for failure to pay over to the county fees collected by him. The court there referred to a number of authorities and held that the gist of the action was the failure of the principal to pay over the money; that the bond imposed on the principal no obligation different from that created by the statute and it was not the gist of the action but merely collateral thereto. "The bond is not the cause of action, but collateral thereto, and a means of which the county might avail itself."

In the instant case, the court did not err in sustaining the defense of the Statute of Limitations. We are also of opinion that the court did not err in dismissing the suit as to the former sheriff, although he had filed his answer, because he there pleaded the Statute of Limitations as a bar to the action. This he was authorized to do. Section 48, C.P.A. ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.048]; *Randall Dairy Co. v. Pevely Dairy Co.,* 278 Ill. App. 350.

Counsel for plaintiff says that "if the statute of limitations had in fact barred the claim against defendant, Graydon, his suit upon the levy bond in 1935, founded upon his liability to the plaintiff . . . on his official bond and his counterclaim on the levy bond in the case at bar founded upon his liability to the plaintiff without regard to time, removed the bar, if any, of the statute." Obviously this contention, if allowed, would in no way affect defendant, Standard Accident Insurance Company, but we are of opinion the contention cannot be sustained. The former sheriff, in his answer, set up the bar of the 5-Year Statute of Limitations. He also filed a counterclaim in which he sought to have his rights adjudicated on the levy bond.

This was a matter of precaution and we think in no way waived his defense of the Statute of Limitations.

·We are also of opinion that the suit brought February 21, 1935, by the identical plaintiffs as those in the instant case, which was dismissed as to the Standard Accident Insurance Company and Sheriff Graydon, is of no importance here except that we might add from the judgment entered in that case it appears that plaintiff in that case was of opinion his claim should be against the Hartford Accident & Indemnity Company, the surety on the levy bond, and it was in that judgment order made a party defendant, all pleadings were amended accordingly and summons was issued against it. In the instant case, each defendant interposed the 5-Year Statute of Limitations as a defense, and what both or either of them pleaded in the other case, is not controlling here.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.